The facts giving rise to this action are adequately stated in the majority opinion. The majority concludes, upon a review of Stallworth's complaint and the facts of this case, that Stallworth asserted derivative claims only and did not state a claim alleging minority shareholder oppression. From this conclusion, I must respectfully dissent.
I believe that the appropriate framework for understanding the nature of close corporations is that of the joint venture or partnership.[5] By considering the claims raised in this case from that perspective, one may understand the creation of the corporation as the creation of "a long-term relational contract which contemplates that each participant will contribute capital or services and that proceeds will be equitably shared." J.A.C. Hetherington, Defining the Scope of ControllingShareholders' Fiduciary Responsibilities, 22 Wake Forest L.Rev. 9, 22 (1987).
The articles of incorporation embody the contract establishing the corporation, and that contract governs the duties and responsibilities of the shareholders, directors, and officers. It may be, however, that that written contract does not contain an explicit statement of all the parties' understandings, but it is implicit that "parties who form closely held firms intend an equitable sharing of returns."Id. at 28. Consequently, I believe that if the articles do not explicitly reflect that intention, then it is, necessarily, implied.
My view of the nature of the cause of action for minority shareholder "squeeze-out" is based on the theory of an implicit agreement to share the proceeds from corporate activities. "Squeeze-out" claims "can only be given concrete meaning by reference to the explicit or implicit ex ante understanding of the parties and reasonable expectations based upon that understanding." Id. at 25. That understanding, as this Court recognized in Burt v. Burt Boiler Works, Inc., *Page 470 360 So.2d 327 (Ala. 1978), includes a requirement of acting fairly. I believe that a violation of the duty to act fairly is a breach of the parties' explicit or implicit agreement and that the appropriate remedy for a breach of that agreement is one that would protect the reasonable expectations of the shareholders. As the late Dean Hodge O'Neal, whose opinions have had a great impact on the development of close corporation law in Alabama, wrote:
 "[T]he reasonable expectations of the shareholders, as they exist at the inception of the enterprise, and as they develop thereafter through a course of dealing concurred in by all of them, is perhaps the most reliable guide to a just solution of a dispute among shareholders, at least a dispute among shareholders in the typical close corporation."
F. Hodge O'Neal, Introduction (Symposium: Rights of MinorityShareholders), 22 Wake Forest L.Rev. 1, 5 (1987).
Because I believe that the most appropriate framework for understanding the nature of close corporations is one based on contract principles, I cannot agree with the majority's conclusion that the claims stated in this case are derivative ones. I believe that the claims stated are minority shareholder "squeeze-out" claims that ought to be resolved by applying the principles of contract law; therefore, I respectfully dissent.
[5] In Galbreath v. Scott, 433 So.2d 454, 457 (Ala. 1983), we recognized that "[w]hen shareholders serve on the board of directors and appoint themselves as officers, the enterprise acquires many of the attributes of a partnership or sole proprietorship and ceases to fit neatly into the classical corporate scheme."